# Exhibit A

Received and E-Filed for Record
10/8/2018 7:10 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NUMBER 18-10-13472

| | | |
|---|---|---|
| DR. SABRINA NORMAN, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | **Montgomery County - 284th Judicial District Court** |
| | § | |
| v. | § | MONTGOMERY  COUNTY, |
| | § | TEXAS |
| | § | |
| | § | |
| FUSION ACADEMY, | § | _____JUDICIAL DISTRICT |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Dr. Sabrina Norman ("Plaintiff" or "Norman") complaining of  Fusion Academy ("FA"), and for cause would show the following:

### PARTIES

1. Plaintiff is a fully certified professional educator in Texas and resides in Harris County, Texas.

2. FA is a private corporation which engages in the business of selling education to minors who have learning disabilities or behavioral problems, and has a principal place of business in and may be served with process by serving Joseph Thompson at 1201 Lake Woodlands Drive, Suite 4000, The Woodlands, Texas 77380.

1

## AMOUNT IN CONTROVERSY

The amount in controversy exceeds $100,000.00 but does not exceed $200,000.00.

## JURISDICTION AND VENUE

Plaintiff filed her Charge of Discrimination, 460-2018-02316, within 180 days of (and a continuing) discriminatory act, and has after investigation by the EEOC/TWC has received a Notice of Right to File a Civil Action on August 16, 2018. Within 60 days of her receipt of that Notice, and within two years of the discriminatory act, Plaintiff files this action. This court has jurisdiction of the matters brought herein under Texas Labor Code Chapter 21.

## FACTS

Plaintiff is a Black Female and has an earned Bachelor's, Master's, and Doctorate degree, and is certified by the Texas Education Agency as a Professional Educator in Special Education Counseling, Counseling and Guidance, Mid-Management, Spanish, Biology, and Life and Earth Sciences.

Plaintiff with more than 30 years experience in education.

Plaintiff is committed to the concept of maximizing teacher exposure to students, and the ideal of one to one teacher/pupil ratio.

FA espouses and charges tuition based on teaching one to one teacher/pupil ratio.

2

Plaintiff was told that she could teach part-time, and self- regulate her hours so that she would be able to teach as much as she wanted, and thereby control her income.

Plaintiff was interviewed by Raquel Prada, Assistant Director of FA and was told that she would be paid $27.00 per hour. Prada would be terminated by Thompson in 2017 for telling the truth about FA's "Sex Room" or revealing that as the classroom's name in the school.

Before she was hired, Plaintiff was instructed to perform a mock teaching exercise before Rachel Harper, a White uncertified teacher who was assigned to teach English.

It was agreed that Plaintiff would teach everything except Math for grades 6-12.

In the Fall of 2016-2017 school year, Plaintiff had 10 different lesson preparations.

Plaintiff soon realized she was the only faculty member with Secondary Certification, a Ed,D. (doctorate in education), certification in Special Education Counseling, and the only Black surviving Black employee at FA. When Plaintiff was hired, FA had also hired two Black males, Brandon, and Bryan. In the Fall of 2016, Brandon was fired for allegedly having been rude to a student, and Bryan

3

resigned because he was criticized for being late when he went to a hospice to be with is seriously ill wife. Rumors circulated that a previous Black employee, Shalonda Anderson had been forced to resign earlier in 2016, when FA refused to make classes for her.

Rachel Harper had no chain of command title at FA, and was unqualified for any educational administrative position.

Plaintiff was hired by FA and began teaching in August 2016.

During the first semester, Plaintiff applied for the Lead English Teacher position, but was denied and was given to the less qualified Rachel Harper.

Plaintiff noticed that she was not marketed as were the White teachers, in that the White teachers who were less qualified -but White- had their "BIO's" and photographs posted outside their classroom doors for Parents to inspect and use as basis for teacher choice positions for their respective children. That right of the parents to select teachers for their children was important because if a teacher was not selected by a parent to teach their child, then a teacher was dependent on FA to discretionarily assign a student and make the teacher's class.

Rachel Harper had been appointed as Lead Teacher of English and History; when Plaintiff pointed out to Raquel Prada that Harper was far less qualified than Plaintiff in that Harper was uncertified and had no formal training-in-the-

4

classroom experience. Harper, became hostile toward Plaintiff after Plaintiff had competed unsuccessfully against Harper for the Lead Teacher Position.

Director of Fusion Joseph Thompson, also uncertified as a Professional Educator and with experience limited to FA, retaliated against Plaintiff for opposing the discriminatory denial of promotion to the position of Lead Teacher by filing a written disciplinary complaint against Plaintiff falsely accusing her of withholding "compelling information" about a student.

Plaintiff started being denied students, and placed under pressure to quit, but she didn't.

Plaintiff learned from a parent that FA was recruiting students through psychologists and psychiatrists. It was also reported that FA was providing favors to the referring healthcare professionals.

FA's student recruiter quit FA and was replaced by Elaine Katchey.

On Fridays, there is no teaching in FA, and the facilities are opened to host and hustle area psychologists and psychiatrists to encourage them to refer patients who will qualify for enrollment at FA.

Despite FA's lack of qualified staff, the company is accredited with the Southern Association of Colleges and Schools.

5

Parents started complaining about promises that FA was making about the progress being made by their student-children when their children couldn't even read.

Plaintiff observed that the teachers were not only, mostly inexperienced, but also had not taken the CSET, and were "teaching" by use of movies.

Plaintiff became acquainted with a Hispanic teacher at FA, Barbara Keith.

Keith had also sought the Lead Teacher position at the same time as Plaintiff when the unqualified White teacher, Harper had been selected for the position.

During the 2016-2017 school year, a fourteen year old student AI was smoking marijuana and having sex with an FA teacher. Plaintiff reported to Director Thompson that the student had come to class under the influence of drugs and she was going to chart the incident and report it to the student's mother. Thompson told Plaintiff not to report to the student's mother that he would handle the situation. Plaintiff later learned that Joseph Thompson had not told the student's mother, because the same student was having an illegal sexual liaison with an FA teacher. The relationship was outed on Instagram by a fellow student and went viral in the little school. It was discovered that the teacher would take the student to lunch, smoke dope, and have sex in the school's "sex room". The teacher was fired, but Director Joseph did not report the matter to the

6

police. Plaintiff and Keith both vigorously complained about the inappropriate behavior of the children and the license that Joseph and his staff assistants and supporters permitted them.

Only Plaintiff was trained to deal with Special Needs students who were I need of counseling or with non-Special needs students who were in need of counseling. Yet Plaintiff was persistently denied promotion or any stipends.

Throughout Plaintiff's employment with FA was subjected to unwelcomed discrimination and retaliation for opposing unlawful harassment and discrimination at work. The unwelcomed harassment included but was not limited to racially and sexually offensive comments.

For example, Plaintiff received an email from Director Joseph Thompson, dated December 14, 2017, containing two (2) harassing pictures.

The first photo was a monkey flipping the finger and the second was a picture of two (2) bears having sex. Both were considered to be racial memes.

Plaintiff immediately forwarded the photos with a formal complaint to FA's corporate headquarters.

Plaintiff was denied classes by FA in the summer of 2017, and throughout the 2017-2018 school year.

Plaintiff has been denied full time employment and paying student placements because of her race and because of her having opposed illegal discriminatory practices.

Plaintiff has been subjected to illegal discriminatory practices because of her race.

The illegal discriminatory practices to which Plaintiff has been subjected has proximately caused her to suffer damages, economic and non-economic.

## PRAYER

Plaintiff prays that upon trial hereof before a jury of her peers, and not a bench trial to the court, she be awarded judgment for damages, economic and non-economic, and reasonable and necessary attorney's fees and costs of court.

## DEMAND FOR JURY TRIAL

Plaintiff prays for a trial by jury.

> Respectfully submitted,
> /s/ Larry Watts
> Watts & Company Lawyers, LTD
> Larry Watts SBN 20981000
> SBN 20981000
> Melissa Azadeh SBN 24064851
> PO Box 2214
> Missouri City, Texas 77459
> Wattstrial@gmail.com
> *Counsel for Plaintiff, Dr. Sabrina Norman*

8

Received and E-Filed for Record
2/1/2019 11:55 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

CAUSE NO. 18-10-13472

| | | |
|---|---|---|
| DR. SABRINA NORMAN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 284TH JUDICAL DISTRICT |
| | § | |
| FUSION ACADEMY, | § | |
| | § | |
| Defendant. | § | OF MONTGOMERY COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Fusion Learning, Inc. d/b/a Fusion Academy files this Original Answer to Plaintiff's Original Petition and respectfully shows as follows:

## I.
## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of the matters pled by Plaintiff and respectfully requests the Court to require Plaintiff to prove her charges and allegations against Defendant by a preponderance of the evidence as required by the Constitution and laws of the State of Texas. With respect to any claim by Plaintiff for exemplary damages, Defendant demands strict proof by clear and convincing evidence.

## II.
## DEFENSES

Defendant states the following defenses, including affirmative defenses, to Plaintiff's Original Petition but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Defendant further reserves the right to assert affirmative or additional defenses and/or to otherwise supplement or amend this Answer upon discovery of facts or evidence rendering such action appropriate.

1.      Plaintiff's stated causes of action fail to state a claim upon which relief may be granted, and the Petition should be dismissed and denied in its entirety.

2.      Plaintiff's claim and alleged damages, if any, may be barred and/or limited by the doctrines of laches, and/or waiver, and/or estoppel, and/or after-acquired evidence.

3.      Plaintiff's claim may be barred by the applicable statute of limitations.

4.      Any injury caused to Plaintiff was due in whole or in part to Plaintiff's own actions, inaction, and/or the negligence or acts of third parties.

5.      Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff's claim may be barred in whole or in part by his failure to take adequate steps to mitigate any alleged damages.

6.      Plaintiff's claim may be barred because of Plaintiff's failure to fulfill any conditions precedent to bringing suit.

7.      All employment decisions regarding or affecting Plaintiff were based upon legitimate, nondiscriminatory, and reasonable business reasons that were in no way related to Plaintiff's race, sex, or any other protected characteristic.  All employment actions regarding Plaintiff were taken in good faith.  Moreover, these same employment actions would have been taken at the same times in the absence of any alleged impermissible factor.

8.      Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the Charge of Discrimination Plaintiff filed with the Equal Employment Opportunity Commission or the Texas Workforce Commission Civil Rights Division.

9.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent that they were not presented to the Equal Employment Opportunity

2

Commission or the Texas Workforce Commission Civil Rights Division in a timely fashion, and to the extent that they did not occur within the time frames prescribed by law under Title VII or the Texas Commission on Human Rights Act.

10.     Any improper, illegal, or discriminatory actions were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to Defendant.

11.     Defendant did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Original Petition at any time material to the Original Petition.

12.     Defendant has in place a clear and well-disseminated policy against discrimination and harassment, and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action.  Plaintiff's claims are barred because (1) Defendant took reasonable steps to prevent and correct workplace discrimination and harassment; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

13.     Alternatively, prompt and effective remedial action was taken to address any complaints made by Plaintiff.

14.     Plaintiff's compensatory and punitive damage claims, if any, are subject to the limitations imposed by state and federal law, including the Texas Civil Practice and Remedies Code and the Texas Labor Code.

15.     There is no basis, and in any event, insufficient factual predicate, for any claim for punitive damages.

3

Defendant specifically reserves the right to assert additional defenses, claims, counterclaims, cross-claims, and/or causes of action that may become appropriate based upon investigation or other discovery that may occur during the course of litigation.

### III.
### CONCLUSION

Defendant requests that Plaintiff's lawsuit be dismissed in its entirety; that Plaintiff take nothing against Defendant; that Defendant be awarded its reasonable attorneys' fees and court costs, and for such further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

  */s/ Carolyn Russell*
Carolyn Russell
SBOT: 24003913
J. Paul Rinnan
SBOT: 24074959
One Allen Center
500 Dallas Street, Suite 3000
Houston, TX  77002
713.655.0855
713.655.0020 (Fax)
carolyn.russell@ogletreedeakins.com
paul.rinnan@ogletreedeakins.com

4

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on February 1, 2019, the foregoing document was submitted for electronic filing, which will send notification of such filing to the following:

Larry Watts
Watts & Company Lawyers, LTD
PO Box 2214
Missouri City, Texas 77459

ATTORNEY FOR PLAINTIFF

*/s/ Carolyn Russell*
Carolyn Russell